1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   CHRISTIAN LEWIS CASTILLO,          CASE NO.    1:09-cv-01474-MJS (PC)

11                  Plaintiff,          ORDER DISMISSING PLAINTIFF'S FIRST
                                        AMENDED COMPLAINT FOR FAILURE TO
12        v.                            STATE A COGNIZABLE CLAIM

13   K. HARRINGTON, et al.,             (ECF No. 7)

14                  Defendants.         CLERK SHALL CLOSE THE CASE

15

16   _____/

17
                         **SCREENING ORDER**
18

19   I.     **PROCEDURAL HISTORY**

20        On August 21, 2009, Plaintiff Christian Lewis Castillo, a state prisoner proceeding

21   pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

22   (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

23        On March 19, 2010, Plaintiff's Complaint was screened and dismissed, with leave

24   to amend, for failure to state a cognizable claim.  (ECF No. 6.)  Plaintiff's First Amended

25   Complaint (ECF No. 7) is now before the Court for screening.

26

27

1

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

The amended complaint identifies the following individuals as Defendants in this action: (1) R. Pennington, Appeals Examiner and Facility Captain; (2) K. Harrington, Warden, Kern Valley State Prison (KVSP); (3) G.D. Lewis, Chief Deputy Warden, KVSP; (4) T. Billings, Correctional Counselor II, KVSP; (5) N. Grannis, Chief of Inmate Appeals Branch; (6) R.J. Geller, M.D., M.P.H., California Poison Control System; and (7) S. Lopez, Chief Medical Officer.

2

1      Plaintiff alleges the following:

2      On March 10, 2008, the Environmental Protection Agency (EPA) notified KVSP

3   prison officials that the concentration of arsenic in the prison's water exceeded new

4

5   standards and was unsafe.  The prison video channel reported the water contamination

6   on April 8, 2008. "'Arsenic' is a poison and is known to cause cancer or other illness such

7   as circulatory problems if consumed." (Compl. at 4.)  Dr. Geller, of the California Poison

8   Control System, conducted a review of the water at KVSP.  He "concluded that the

9   [arsenic] levels were insignificant" and "that 'the expected numbers of health problems,

10

11  either acute or chronic, caused at KVSP by arsenic at concentrations of 22 [parts per

12  billion] in drinking water is zero.'" (Id.)

13     Nevertheless, Plaintiff has suffered infections in his kidney and urinary tract as a

14  result of consuming the contaminated water.  He also experienced foul smelling urine,

15  constant dry mouth, and problems swallowing. (Id. at 4, 5.)  On December 29, 2008,

16  Plaintiff filed an inmate grievance complaining that he had not been provided a clean

17  alternative source of water. (Id. at 4.)  Defendants Billings and Lewis reviewed Plaintiff's

18  complaint. (Id. at 5, 6.)  Lewis cited determinations made by the Department of Health

19  Services and Dr. Geller in stating that an alternate water supply was not required.  The

20  response also indicated that KVSP's water treatment plant was being modified to comply

21

22  with new EPA standards. (Id. at 20, 24, 25.)  Defendant Pennington and Grannis reviewed

23  Plaintiff's grievance at the Director's Level and affirmed the denial of Plaintiff's grievance.

24  (Id. at 6, 17, 18.)  The money allocated to improve the water treatment plant at KVSP was

25  diverted for other purposes by Defendants Pennington and Harrington. (Id. at 6.)

26
27     Plaintiff contends that the Defendants have denied him safe drinking water in

3

1   violation of his Eighth Amendment rights.

2   **IV.   ANALYSIS**

3

4   **A.   Section 1983**

5   To state a claim under Section 1983, a plaintiff must allege two essential elements:

6   (1) that a right secured by the Constitution or laws of the United States was violated and

7   (2) that the alleged violation was committed by a person acting under the color of state law.

8   See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

9   1245 (9th Cir. 1987).

10   A complaint must contain "a short and plain statement of the claim showing that the

11   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

12   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

13

14   mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

15   (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

16   forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

17   face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant

18   committed misconduct and, while factual allegations are accepted as true, legal

19

20   conclusions are not.  Id. at 1949-50.

21   **B.   Eighth Amendment**

22   "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they

23   'must not involve the wanton and unnecessary infliction of pain.'"  Morgan v. Morgensen,

24   465 F.3d 1041, 1045 (9th Cir. 2006) (quoting Rhodes v. Chapman, 452 U.S. 337, 347

25   (1981)).  The Eighth Amendment, which protects prisoners from inhumane conditions of

26

27

confinement, Farmer v. Brennan, 511 U.S. 825, 833 (1994), is violated when prison officials act with deliberate indifference to a substantial risk of harm to an inmate's health or safety, e.g., Farmer, 511 U.S. at 828; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. First, the deprivation must be, objectively, sufficiently serious. Id. (quotation marks and citation omitted). Second, prison officials must have a sufficiently culpable state of mind, which for conditions-of-confinement claims is one of deliberate indifference. Id. (quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837 (quotation marks omitted).

### 1.    Sufficiently Serious

Plaintiff alleges that the water provided at KVSP is contaminated with arsenic. Exposure to toxic substances can support a claim under section 1983. See Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (exposure to asbestos). The exposure must, however, be sufficiently serious so as to pose a substantial risk of harm to health or safety. In this case the concentration of arsenic in the water at KVSP is alleged to exceed new standards set by the EPA. However, Defendant Geller, a state health authority, tested the water and concluded that the arsenic levels would cause "'zero'" health problems. Plaintiff believes that Defendant Geller's findings are incorrect.

Plaintiff's allegation that the water at KVSP does not meet current EPA standards is taken as true at this stage of the case. However, the same can not be said with regard to plaintiff's conclusion that the failure to meet the current EPA standard means that the

1    water is unsafe for Plaintiff.  The Court can not determine from the pleadings the basis for

2    the EPA standard or what population and what potential harm it was designed to protect

3    or what likelihood there is of such harm occurring in individuals situated like Plaintiff.  As

4

5    such the Court can not find that the first element of this Eighth Amendment claim has been

6    met.

7                    2.       Deliberate Indifference

8            Even if Plaintiff had alleged a serious harm, he has not sufficiently alleged that any

9    of the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's]

10   health or safety."  Farmer, 511 U.S. at 837.  As discussed, Plaintiff at most identifies a

11   disagreement between the EPA and the state health authority as to safe levels of arsenic

12   concentration.  Both agreed as to the concentration of arsenic in the water at KVSP, but

13

14   only the EPA determined it unsafe.  Geller, a state health official, found the water was safe

15   for consumption.   Defendants have relied on qualified expert findings and opinion in

16   concluding that denial of Plaintiff's lack of access to alternative water does not pose an

17   excessive risk to Plaintiff's heath or safety. As such, they cannot be said to have acted with

18   deliberate indifference to a risk of harm.

19

20           A prison official may be held liable under the Eighth Amendment for denying

21   humane conditions of confinement only if he knows that inmates face a substantial risk of

22   harm and disregards that risk by failing to take reasonable measures to abate it.  Farmer,

23   511 U.S. at 837-45.  Plaintiff has failed to allege that any of the Defendants were actually

24   aware of a risk to Plaintiff.   In fact, the amended complaint reflects that Defendants

25   accepted and relied on Dr. Geller's professional conclusion.  There are no facts plead to

26   support a claim  that either Geller or the remaining Defendants acted with knowledge that

27

Geller's conclusions were wrong or that the arsenic concentration was in fact dangerous. Plaintiff's allegations show that Defendants did not actually believe the arsenic levels presented a risk to inmate health.  Therefore, it can not be said that they acted with deliberate indifference.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff was previously instructed that to state a cognizable claim he would have to allege facts which, if true, would demonstrate that Defendants were actually aware of and disregarded an excessive risk of harm to Plaintiff.  His suspicion or personal beliefs on that point are not sufficient to support a claim.  Plaintiff's pleading reveals that an apparently qualified expert advised officials that no harm will result from the levels of arsenic in prison water. Though, given an opportunity to amend, Plaintiff  has not alleged facts showing Defendants did  not justifiably rely upon that expert advice.  No useful purpose would be served in once again advising Plaintiff of the applicable standard and giving him yet another opportunity to try to correct this deficiency in his pleading.

**V.    CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend

1  would be futile.  See <u>Noll v. Carson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly,

2  Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE for failure to state

3  a claim.  The Clerk shall close the case.

4

5

IT IS SO ORDERED.

6

7  Dated:  ___October 29, 2012___        /s/ *Michael J. Seng*

8                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

8