# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LEWIS CASTILLO, | CASE NO.    1:09-cv-01474-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| K. HARRINGTON, et al., | (ECF No. 7) |
| Defendants. | CLERK SHALL CLOSE THE CASE |
| _____/ | |

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

On August 21, 2009, Plaintiff Christian Lewis Castillo, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

On March 19, 2010, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 6.)  Plaintiff's First Amended Complaint (ECF No. 7) is now before the Court for screening.

1

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

The amended complaint identifies the following individuals as Defendants in this action: (1) R. Pennington, Appeals Examiner and Facility Captain; (2) K. Harrington, Warden, Kern Valley State Prison (KVSP); (3) G.D. Lewis, Chief Deputy Warden, KVSP; (4) T. Billings, Correctional Counselor II, KVSP; (5) N. Grannis, Chief of Inmate Appeals Branch; (6) R.J. Geller, M.D., M.P.H., California Poison Control System; and (7) S. Lopez, Chief Medical Officer.

2

Plaintiff alleges the following:

On March 10, 2008, the Environmental Protection Agency (EPA) notified KVSP prison officials that the concentration of arsenic in the prison's water exceeded new standards and was unsafe.  The prison video channel reported the water contamination on April 8, 2008.  "'Arsenic' is a poison and is known to cause cancer or other illness such as circulatory problems if consumed."  (Compl. at 4.)  Dr. Geller, of the California Poison Control System, conducted a review of the water at KVSP.  He "concluded that the [arsenic] levels were insignificant" and "that 'the expected numbers of health problems, either acute or chronic, caused at KVSP by arsenic at concentrations of 22 [parts per billion] in drinking water is zero.'" (Id.)

Nevertheless, Plaintiff has suffered infections in his kidney and urinary tract as a result of consuming the contaminated water.  He also experienced foul smelling urine, constant dry mouth, and problems swallowing.  (Id. at 4, 5.)  On December 29, 2008, Plaintiff filed an inmate grievance complaining that he had not been provided a clean alternative source of water.  (Id. at 4.)  Defendants Billings and Lewis reviewed Plaintiff's complaint.  (Id. at 5, 6.)  Lewis cited determinations made by the Department of Health Services and Dr. Geller in stating that an alternate water supply was not required.  The response also indicated that KVSP's water treatment plant was being modified to comply with new EPA standards.  (Id. at 20, 24, 25.)  Defendant Pennington and Grannis reviewed Plaintiff's grievance at the Director's Level and affirmed the denial of Plaintiff's grievance. (Id. at 6, 17, 18.)  The money allocated to improve the water treatment plant at KVSP was diverted for other purposes by Defendants Pennington and Harrington.  (Id. at 6.)

Plaintiff contends that the Defendants have denied him safe drinking water in

3

violation of his Eighth Amendment rights.

**IV.** **ANALYSIS**

    **A.** **Section 1983**

    To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

    **B.** **Eighth Amendment**

    "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Eighth Amendment, which protects prisoners from inhumane conditions of

confinement, Farmer v. Brennan, 511 U.S. 825, 833 (1994), is violated when prison officials act with deliberate indifference to a substantial risk of harm to an inmate's health or safety, e.g., Farmer, 511 U.S. at 828; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834.  First, the deprivation must be, objectively, sufficiently serious. Id. (quotation marks and citation omitted).  Second, prison officials must have a sufficiently culpable state of mind, which for conditions-of-confinement claims is one of deliberate indifference. Id. (quotation marks omitted).  Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837 (quotation marks omitted).

1.   Sufficiently Serious

Plaintiff alleges that the water provided at KVSP is contaminated with arsenic. Exposure to toxic substances can support a claim under section 1983. See Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (exposure to asbestos).  The exposure must, however, be sufficiently serious so as to pose a substantial risk of harm to health or safety. In this case the concentration of arsenic in the water at KVSP is alleged to exceed new standards set by the EPA.  However, Defendant Geller, a state health authority, tested the water and concluded that the arsenic levels would cause "'zero'" health problems. Plaintiff believes that Defendant Geller's findings are incorrect.

Plaintiff's  allegation that the water at KVSP does not meet current EPA standards is taken as true at this stage of the case.  However, the same can not be said with regard to plaintiff's conclusion that the failure to meet the current EPA standard means that the

water is unsafe for Plaintiff.  The Court can not determine from the pleadings the basis for the EPA standard or what population and what potential harm it was designed to protect or what likelihood there is of such harm occurring in individuals situated like Plaintiff.  As such the Court can not find that the first element of this Eighth Amendment claim has been met.

### 2.    Deliberate Indifference

Even if Plaintiff had alleged a serious harm, he has not sufficiently alleged that any of the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety."  Farmer, 511 U.S. at 837.  As discussed, Plaintiff at most identifies a disagreement between the EPA and the state health authority as to safe levels of arsenic concentration.  Both agreed as to the concentration of arsenic in the water at KVSP, but only the EPA determined it unsafe.  Geller, a state health official, found the water was safe for consumption.  Defendants have relied on qualified expert findings and opinion in concluding that denial of Plaintiff's lack of access to alternative water does not pose an excessive risk to Plaintiff's heath or safety. As such, they cannot be said to have acted with deliberate indifference to a risk of harm.

A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Farmer, 511 U.S. at 837-45.  Plaintiff has failed to allege that any of the Defendants were actually aware of a risk to Plaintiff.  In fact, the amended complaint reflects that Defendants accepted and relied on Dr. Geller's professional conclusion.  There are no facts plead to support a claim  that either Geller or the remaining Defendants acted with knowledge that

Geller's conclusions were wrong or that the arsenic concentration was in fact dangerous. Plaintiff's allegations show that Defendants did not actually believe the arsenic levels presented a risk to inmate health.   Therefore, it can not be said that they acted with deliberate indifference.

"Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).   "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id.</u> at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837).   "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id.</u> (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff was previously instructed that to state a cognizable claim he would have to allege facts which, if true, would demonstrate that Defendants were actually aware of and disregarded an excessive risk of harm to Plaintiff.   His suspicion or personal beliefs on that point are not sufficient to support a claim.   Plaintiff's pleading reveals that an apparently qualified expert advised officials that no harm will result from the levels of arsenic in prison water. Though, given an opportunity to amend, Plaintiff  has not alleged facts showing Defendants did  not justifiably rely upon that expert advice.   No useful purpose would be served in once again advising Plaintiff of the applicable standard and giving him yet another opportunity to try to correct this deficiency in his pleading.

## V.   <u>CONCLUSION AND ORDER</u>

For the reasons stated above, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend

would be futile.  See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  The Clerk shall close the case.


IT IS SO ORDERED.

Dated:    October 29, 2012          _____ /s/ *Michael J. Seng*_____
                                    UNITED STATES MAGISTRATE JUDGE